UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SHERLACH; *et al.*, | : |
| Plaintiffs, | : Case No. 3-20-cv-1725-VLB |
| v. | : |
| ALEX EMRIC JONES; *et al.*, | : November 20, 2020 |
| Defendants. | : |

## **MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS**

Plaintiffs' counsel has consistently sought to taint the jury pool in this matter. The law firm of Koskoff, Koskoff, and Bieder repeatedly makes baseless statements to the press in order to tarnish Mr. Jones. These knowingly false statements violate the rules of professional conduct and sanctions are warranted.

Most recently, the morning after the case was removed, Plaintiffs' counsel Chris Mattei, who himself aspired to be the state's Attorney General, ran to the media, stating:

> *The families brought this case more than two years ago to hold Alex Jones responsible for his abusive claims. On the eve of being ordered to make both his accountant and executive assistant available for deposition, he filed a motion just a few minutes before midnight last night seeking to delay the process by moving the entire case to federal court, a known stalling tactic that Sandy Hook families have seen and defeated before in other high-profile cases. Alex Jones is terrified that the depositions will reveal the truth about him and his business practices. Every attempt to delay justice only strengthens the resolve of the Sandy Hook families.*

*See, e.g.,* Ryser, Rob, "Sandy Hook Families Accuse Alex Jones of Delay Tactic in Defamation Lawsuit", THE NEWS-TIMES (Nov. 18, 2020).[1] This is a false and defamatory statement by Mattei and a violation of the Rules of Professional

---

[1] Available at <https://www.newstimes.com/news/article/Sandy-Hook-families-accuse-Alex-Jones-of-delay-15736411.php>.

1

Conduct.  Aside from the purely speculative, self-serving statements about what the state court judge might have ordered, there are factual falsities.

Mr. Jones did not remove the case to delay the process; he did it for due process and fairness.  That is the reason that diversity jurisdiction exists.  The Founders knew that state courts would have political pressure on them to favor in-state parties.  *See Pease v. Peck*, 59 U.S. (18 How.) 595, 599 (1856) ("The theory upon which jurisdiction is conferred on the courts of the United States, in controversies between citizens of different States, has its foundation in the supposition that, possibly the state tribunal might not be impartial between their own citizens and foreigners.")  The Plaintiffs' attorneys knew this too – which is why they joined, in bad faith, a Connecticut party (Corey Sklanka) who did not belong in this case.  When faced with Sklanka's Anti-SLAPP motion, and after over a year had passed, the Plaintiffs' attorneys use for him was over – and they quickly dismissed him from the actions.  Quite frankly, once the process is in Federal court, Mr. Jones presumes that things will move *faster* than they have in the state court.

Mr. Jones is not "terrified of the depositions;" a good number of people have been deposed already, including Alex Jones' father.  The Plaintiffs' attorneys do not want this to end any time soon – as they are gleefully using the publicity to taint the jury pool and to further their own political goals.  Attorney Mattei campaigned for the position of Connecticut Attorney General.  And, another of Plaintiffs' lead attorneys appearing is Matthew Blumenthal, who represents the 147th House District, repeatedly has used this case for political purposes. Moreover, Defendants told the lawyers exactly how they should properly go about attempting to depose these individuals.  They preferred delay and the drama of lying to the press about why they have not been deposed yet.  Meanwhile, if this matter were in state court, the plaintiffs would need to domesticate subpoenas in a Texas court in order to depose Texas individuals.  The

removal *streamlined* the process, because the Federal rules do not require this second step.  Mattei and his firm know this, but lied to the press to further inflame the jury pool.

Finally, Mattei has no factual basis to imply there is something about Mr. Jones or his business practices that he is hiding.  It is ironic that the only defamatory statements in this defamation case came from the lawyers for the plaintiffs.

The Connecticut Rules of Professional Conduct explicitly prohibit Mr. Koskoff's and Mr. Mattei's press releases and forbid attorneys from making "extrajudicial statement[s] that <u>the lawyer knows or reasonably should know</u> will be disseminated by means of public communication and <u>will have a substantial likelihood of materially prejudicing an administrative proceeding in the matter</u>." (Connecticut Rules of Professional Conduct 3.6(a) (emphasis added)).  These rules apply to matters in this Court.  *See* Local Rule 83.2(a).

A trial judge has the inherent authority to regulate lawyers' professional conduct.  *See Ceramco, Inc. v. Lee Pharmaceuticals*, 510 F.2d 268, 270-71 (2d Cir. 1975).  This inherent authority extends to sanctions for violating the rules of conduct.  *See United States v. Megale*, 235 F.R.D. 151, 164 (D. Conn. 2006) *citing* Local Rule 83.2(c).  Sanctions against Attorney Mattei and the Koskoff firm should issue and they should be admonished to abide the rules governing pretrial publicity, whether the case remains in Connecticut or is transferred to the Western District of Texas, as has been requested by separate motion.

**Dated: November 20, 2020.**          **Respectfully submitted,**

/s/ Jay M. Wolman
**Jay M. Wolman, ct29129**
**RANDAZZA LEGAL GROUP, PLLC**
**100 Pearl Street, 14th Floor**
**Hartford, Connecticut 06103**
**Tel:  702-420-2001**
**Fax: 305-437-7662**
**ecf@randazza.com**

**Marc J. Randazza,** *pro hac vice* **forthcoming**
**RANDAZZA LEGAL GROUP, PLLC**
**2764 Lake Sahara Drive, Suite 109**
**Las Vegas, Nevada 89117**
**Tel:  702-420-2001**
**Fax: 305-437-7662**
**ecf@randazza.com**

*Attorneys for Infowars Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that, on this 20th day of November 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

    I further certify that copies of the foregoing document are being served by electronic mail and U.S. Mail upon the parties at the addresses below:

Alinor C. Sterling
Christopher M. Mattei
Matthew S. Blumenthal
KOSKOFF KOSKOFF & BIEDER
350 Fairfield Avenue
Bridgeport, CT 06604
<asterling@koskoff.com>
<cmattei@koskoff.com>
<mblumenthal@koskoff.com>
Tel.: 203.336.4421
Fax: 203.368.3244
*Attorneys for Plaintiffs*

Stephen P. Brown
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
1010 Washington Blvd., 8th Floor
Stamford, CT 06901
<stephen.brown@wilsonelser.com>
Tel.: 203-388-2450
Fax: 203.388.9101
*Attorney for Defendant Midas Resources, Inc.*

Wolfgang Halbig
25526 Hawks Run Lane
Sorrento, FL 32776
<wolfgang.halbig@comcast.net>
Tel.: 352.729.2559
Fax: 352.729.2559

Jonathan A. Beatty
ESTY & BUCKMIR, LLC
2340 Whitney Ave.
Hamden, CT 06518
<jbeatty@estyandbuckmir.com>
Tel.: 203.248.5678
Fax: 203.288.9974
*For Defendant Wolfgang Halbig*

Ted Anderson
Genesis Communications Network, Inc.
190 Cobblestone Lane
Burnsville, MN 55337
<t.anderson@gcnlive.com>
*Representative for Defendant Genesis Communications Network, Inc.*

          /s/ Jay M. Wolman
          Jay M. Wolman