UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SHERLACH, *et al.* ) | |
| ) | |
| Plaintiffs, ) | Case No. 3:20-cv-1725(CSH) |
| ) | |
| v. ) | |
| ) | |
| ALEX JONES, *et al.*, ) | November 30, 2020 |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' NOTICE OF RELATED CASE & MOTION FOR TRANSFER**

Pursuant to Loc. R. Civ. P. 40(b)(1), the plaintiffs respectfully submit this notice of related case, and move for transfer to United States District Judge Janet C. Hall, who presided over an earlier removal of two related cases. The above-captioned case is closely related to the matters of *Lafferty, et al. v. Jones, et al.*, 3:18cv2256 (JCH) ("*Lafferty I*") and *Sherlach v. Jones, et al.*, 3:18cv1269 (JCH) (*Lafferty II*"), which were filed in 2018 and later remanded to state court. Now, roughly two years later, the defendants attempt to remove this case and those cases on similar grounds to their prior failed effort. Because the instant case involves the same parties and similar issues to those addressed by Judge Hall in *Lafferty I and Lafferty II*, it is related to those earlier filed cases and, in the Court's discretion, should be transferred to Judge Hall.[1]

---

[1] A notice of related case and accompanying motion to transfer are also being filed in two companion cases, which are presently docketed as *Lafferty, et al. v. Jones, et al.*, 3:20cv1723(CSH) and *Sherlach, et al. v. Jones, et al.*, 3:20cv1724(VAB). Further, it should be noted that the defendants filed notices of related case in this matter and the two companion matters, but did not apprise the court that all three matters are related to the 2018 removal proceedings before Judge Hall.

1

## I. PROCEDURAL BACKGROUND

This case and its two companion cases, *Lafferty, et al. v. Jones, et al.*, 3:20cv1723(CSH) and *Sherlach, et al. v. Jones, et al.*, 3:20cv1724(VAB), were filed and consolidated in Connecticut Superior Court in 2018. The plaintiffs, family members of children and educators lost in the Sandy Hook shooting, allege the defendants engaged in a scheme to profit from the tragedy of the December 14, 2012 shooting at Sandy Hook Elementary School. The defendants knowingly spread and grew the lie that the Sandy Hook shooting was staged, and that the plaintiffs are actors who faked their relatives' deaths. The plaintiffs assert claims for defamation, false light, negligent and intentional infliction of emotional distress, and violation of the Connecticut Unfair Trade Practices Act. Foremost among these defendants are Alex Jones and his media companies: Infowars LLC, Free Speech Systems LLC and Prison Planet TV LLC ("the Jones defendants").

On July 13, 2018, the Jones defendants filed their first Notice of Removal. *Lafferty, et al. v. Jones, et al.*, 2018 WL 5793791, at *1 (D. Conn. Nov. 5, 2018).[2] They argued that the plaintiffs had fraudulently joined non-diverse co-defendant Cory Sklanka. *Id.* The Court (Hall, J.) rejected their arguments, finding that Sklanka was not fraudulently joined. *Id.* In fact, in considering whether to award removal fees, it noted specifically that the Jones defendants had had only a "thin" basis "upon which to seek removal." *Id.*

Following remand, the Jones defendants engaged in what the Connecticut Supreme Court described as a pattern of "obfuscation and delay" and a "whole picture of bad faith litigation misconduct." *Lafferty, et al. v. Jones, et al.*, 2020 WL 4248476, at *17–18 (Conn. July 23, 2020).

---

[2] The same removing defendants made an identical removal argument in *Sherlach v. Jones, et al.*, 3:18cv1269 (JCH), which Judge Hall also rejected. *See* Dkt. No. 43.

This untimely removal is their latest abusive tactic. Here, the Jones defendants attempt to remove based on diversity jurisdiction once again. *See* Notice of Removal, ¶ 20 (Dkt. No. 1).

**II. DISCUSSION**

> Loc. R. Civ. P. 40(b)(1) provides:
>
> a. In the event that it is subsequently determined that there is pending in this District a related case assigned to a different Judge, the later-filed case should normally be transferred to the Judge having the earliest filed case that remains pending.  The presiding Judge in a later-filed, related case will consider whether transfer is appropriate under the rule promptly after learning of an earlier-filed, related case pending before another Judge of this Court.  Later-filed, related cases may be transferred by the presiding Judge, either sua sponte or upon motion of any party, with the consent of the transferee Judge.
>
> b. Any case (whether or not related to another case pending in the District before a different Judge) may be reassigned at the discretion of the Chief Judge.

As a technical matter, the earliest filed cases of *Lafferty I and II* are no longer pending. According to the docket, the cases were remanded and closed on November 5, 2018. *See Lafferty I,* Dkt. No. 58; *Lafferty II*, Dkt. No. 43. Therefore, this notice of related case and accompanying motion for transfer arises under Rule 40(b)(1)(b), which recognizes that transfer to a judge who presided over a closed but related case may be supported by the presiding judge's familiarity with the underlying issues and concerns of judicial economy. *See Lundstedt v. People's United Bank*, 3:14cv1479(JAM), 2015 WL 540988, at *3 (D. Conn. Feb. 10, 2015). In *Lundstedt*, the district court dismissed and closed the case, holding that an individual plaintiff lacked standing to bring a matter on behalf of a limited liability corporation. *See id*. The dismissal was without prejudice to the corporate entity's right to bring an action on its own behalf. *See id*. However, the district court warned that any future case should be considered for transfer to the judge that entered the dismissal:

> In the event a similar lawsuit is filed by plaintiff or a related entity concerning the same subject matter as this action and if that lawsuit is assigned to another judge of

3

> this Court, either party may consider whether to file a motion for transfer of such action to the undersigned under Local Rule 40(b) on the ground that the filing is a related case and on the ground of my familiarity acquired to date with the legal issues presented in this case.

*Id*.

Similarly, in *Tucker v. American Intern. Group, Inc.*, 728 F. Supp. 2d 114 (D. Conn. 2010), this court considered whether the Second Circuit's analogous "first-to-file" rule warranted an intra-district transfer to a judge who had previously presided over a different case. In assessing whether the cases were related, the district court first considered whether the cases involved "virtually the same issue" and the "same parties." *Tucker*, 728 F. Supp. 2d. at 122. On that issue, the district court observed that the first case was "an employment action," while the later case was "an insurance coverage action" requiring resolution of completely different issues. *See id*. at 123-24. The Court next observed that the defendants in each case were completely different. The defendant in the first case was a media company, but the defendants in the later filed case were insurance companies. *See id*. at 124. In light of the foregoing, the district judge concluded that the "first-to-file" rule did not apply. *See id*. at 124.

The district court then considered whether the interests of justice required transfer under 28 U.S.C. § 1404(a). *See id*. at 125. In denying transfer on these grounds, the court determined that (1) transfer from New Haven to Bridgeport would not create any additional convenience; (2) there was no risk of inconsistent rulings; and (3) any knowledge that Judge Underhill might have from his involvement in the first case would not assist him in "determining the key issues" in the later filed case. *See id*. at 127-28.

Under *Lundstedt* and *Tucker*, the trio of recently removed cases is related to and essentially duplicative of *Lafferty I* and *Lafferty II*. In *Lafferty I and II*, Judge Hall considered the Jones defendants' notice of removal and the plaintiffs' motion for remand. The issue to be decided –

whether removal is appropriate under 28 U.S.C. § 1446 – is the same issue that was before Judge Hall. The removing defendants assert that subsection 1446(c)(1)'s one-year deadline for removal is tolled due to bad faith conduct by the plaintiffs, an argument very similar to the fraudulent joinder argument Judge Hall considered and rejected in *Lafferty I* and *II*. This case involves the same plaintiff who moved for remand in *Lafferty II* and the same defendants who opposed it except Sklanka, who is no longer a party.[3] Judge Hall has already considered and ruled on a nearly identical question of removal brought by the same defendants. Under these circumstances, Judge Hall's familiarity with the subject matter, the parties and Judge Hall's previous analysis remanding related cases weigh in favor of transfer to Judge Hall.

## III. CONCLUSION

For the foregoing reasons, the plaintiffs respectfully submit that this case is related to *Lafferty I* and *Lafferty II*¸ and move to transfer the matter to United States District Judge Janet C. Hall, who presided over those earlier filed, related cases.

RESPECTFULLY SUBMITTED,

By: */s/ Christopher M. Mattei*
    Christopher M. Mattei
    Fed. Bar No. CT27500
    Alinor C. Sterling
    Matthew Blumenthal
    Koskoff Koskoff & Bieder, PC
    350 Fairfield Avenue
    Bridgeport, CT 06604
    TEL:  203-336-4421
    FAX: 203-368-3244
    Email: cmattei@koskoff.com
    *Attorneys for Plaintiffs*

---

[3] Following remand, plaintiff Robbie Parker joined *Lafferty II* as a plaintiff, and, thus was not part of the first removal proceeding.